UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-131 (ECT/ECW)

UNITED STATES OF AMERICA,

                Plaintiff,              **PLEA AGREEMENT AND**
                                                            **SENTENCING STIPULATIONS**

v.

JAY TYRELL WHITEFORD,

                Defendant.

The United States of America and defendant Jay Tyrell Whiteford (hereinafter referred to as the "defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota (hereinafter "the United States" or "the Government"). This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1.   **Charges.** The defendant agrees to plead guilty to Count Two of the Indictment, which charges the defendant with production of child pornography, in violation of 18 U.S.C. §§ 2251(a) and 2251(e). The defendant fully understands the nature and elements of the crime with which he has been charged. At the time of sentencing, the government agrees to move to dismiss the remaining counts of the Indictment.

2.   **Factual Basis.** The defendant is pleading guilty because he is in fact guilty of Count Two of the Indictment. In pleading guilty, the defendant admits the

1

following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines:

    a.    Defendant agrees that he has two prior convictions for crimes involving child exploitation, specifically: a 2008 conviction from DuPage County, Illinois for possession of child pornography, and a 2018 conviction from Hennepin County, Minnesota, for possession of child pornography.

    b.    Beginning on or about March 4, 2020 and continuing through on or around March 21, 2020, Defendant used his cell phone and Snapchat to communicate with at least two minors, including one minor who identified herself as being 14 years old, referred to in the Indictment and herein as "Minor 2." The Defendant, who was 38 at the time, told Minor 2 he was 16 years old and used an alias.

    c.    In the course of his communications with Minor 2, the defendant asked Minor 2 to take sexually explicit videos and send them to him, including videos of her masturbating. He instructed Minor 2 on what he wanted to see in the videos, and she complied.

    d.    Defendant agrees that Minor 2 was a minor at all relevant times. He agrees his Snapchat communications with Minor 2 occurred using the Internet, a means and facility of interstate and foreign commerce.

    e.    Defendant also admits and agrees that he induced Minor 2 to engage in sexual conduct, and induced Minor 2 to obtain and distribute the videos

depicting that sexual conduct, and that the videos constitute child pornography, as that term is defined in 18 U.S.C. § 2256(8).

**Stipulated Conduct Pursuant to USSG § 1B1.2(c): Other Minor Victims and Defendant's Possession of Other Child Pornography**

    f. In addition to the forgoing, Defendant admits that in the same relevant time period, he engaged in same or similar conduct with at least two other minors, including one minor identified by law enforcement and referred to in the Indictment as "Minor 1," who was sixteen years old at the time of the offense. Defendant also recalls having had sexually explicit communications with at least one other minor who law enforcement has not been able to identify. As to that unidentified minor, Defendant admits he instructed her to photograph herself touching the genitals of a toddler she was babysitting and send them to Defendant, which she did. Defendant also admits and agrees that he downloaded and possessed additional child pornography in cloud-based online storage accounts, including Dropbox and Google accounts. Defendant agrees that this additional conduct may be considered in his sentencing.

  3. **Waiver of Pretrial Motions.** The defendant understands and agrees that the defendant has certain rights to file pre-trial motions in this case. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to have any pending motions resolved and to file any additional pre-trial motions in this case. The defendant agrees that, by pleading guilty, he is withdrawing any motions previously filed.

4.  **Waiver of Constitutional Trial Rights.** The defendant understands that he has the right to go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him. The defendant understands that he has the right to persist in a plea of not guilty and, if he does so, he would have the right to a public and speedy trial. By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

5.  **Additional Consequences.** The defendant understands that as a result of his conviction, he could experience additional consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office.

6.  **Statutory Penalties.** The defendant understands that Count Two of the Indictment (production of child pornography, in violation of 18 U.S.C. §§ 2251(a) and 2251(e)) is a felony offense that carries the following statutory penalties:

4

      a.      a mandatory minimum of 35 years' imprisonment based on the defendant's prior convictions;

      b.      a maximum of life in prison;

      c.      a supervised release term of at least 5 years up to a maximum supervised release term of life;

      d.      a maximum fine of $250,000;

      e.      restitution as agreed to by the parties in this agreement;

      f.      a mandatory special assessment of $100 under 18 U.S.C. § 3013(a)(2)(A);

      g.      a mandatory payment of $5,000 to the Domestic Trafficking Victims' Fund if the defendant is found not to be indigent, pursuant to 18 U.S.C. § 3014.

7.    **Guidelines Calculations.**    The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq*. Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guidelines calculations. The parties stipulate to the following guidelines calculations:

      a.      <u>Base Offense Level</u>. The parties agree that the base offense level 32. U.S.S.G. §2G2.1(a).

      b.      <u>Specific Offense Characteristics</u>. The parties agree that the base offense level should be increased by 2 levels because the offense involved sexual contact. U.S.S.G. §2G2.1(b)(2)(A). The parties also agree that an additional 2 levels should be added because Minor 2 had not yet attained the age of 16. U.S.S.G. §2G2.1(b)(1). The parties agree that an additional 4 level increase applies because the offense involved material that portrays sadistic or

5

|     |     |
| --- | --- |
|     | masochistic conduct or other depictions of violence. U.S.S.G. §2G2.1(b)(4). ). The parties also agree an additional 2 level increase applies because the defendant knowingly misrepresented his age, and used a computer, in order to persuade, induce, entice, or coerce his victims to engage in sexually explicit conduct. U.S.S.G. §2G2.1(b)(6). |
| c.  | <u>Chapter 3 Adjustments</u>.  The parties agree that, other than acceptance of responsibility, no other Chapter 3 adjustments apply. |
| d.  | Chapter 4 Adjustments.  The parties agree that the offense level should be increased by 5 levels because the defendant engaged in a pattern of activity involving prohibited sexual conduct. U.S.S.G. § 4B1.5. |
| e.  | <u>Acceptance of Responsibility</u>. The government agrees to recommend that the defendant receive a 2-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). As the defendant has timely notified the government of his intention to enter a plea of guilty, the government agrees to recommend that the defendant receive an additional 1-level reduction pursuant to U.S.S.G. § 3E1.1(b).  Whether these reductions will be imposed shall be determined by the Court in its discretion. However, the defendant understands and agrees that the government's recommendations are conditioned upon the following: (1) the defendant testifies truthfully during the change of plea and sentencing hearings; (2) the defendant provides full, complete and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing, including frivolously denying facts in the Presentence Report. |
| f.  | <u>Criminal History Category</u>. The parties believe that, at the time of sentencing, the defendant will fall into Criminal History Category III.  U.S.S.G. § 4A1.1.  This does not constitute a stipulation, but a belief based on an assessment of the information currently known.  The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within his criminal |

6

       history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

  g.    <u>Guidelines Range</u>. If the adjusted offense level is 43 or above, and the criminal history category is III, the Sentencing Guidelines range is **life imprisonment**.

       The defendant understands that, regardless of the Sentencing Guidelines range, the statutory mandatory minimum sentence in this matter is 35 years of imprisonment.

  h.    <u>Fine Range</u>. If the adjusted offense level is 38 or above, the Sentencing Guidelines fine range is $50,000 to $500,000. U.S.S.G. § 5E1.2(c).

  i.    <u>Supervised Release</u>. The Sentencing Guidelines require a term of supervised release of at least 5 years up to a maximum supervised release term of life. U.S.S.G. § 5D1.2.

8. **Revocation of Supervised Release**. The defendant understands that if the defendant were to violate any supervised release condition while on supervised release, the Court could revoke the defendant's supervised release, and the defendant could be sentenced to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3). *See* U.S.S.G. §§ 7B1.4, 7B1.5. The defendant also understands that as part of any revocation, the Court may include a requirement that the defendant be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

9. **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Probation Office or the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that

7

falls solely within the Court's discretion. The Court will make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines range. If the Court or the Probation Office determines that the applicable guideline calculations or the defendant's criminal history category is different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

10. **Rule 11(c)(1)(C) Plea.** This plea is made pursuant to Rule 11(c)(1)(C). The parties agree, based on the facts and circumstances of this case, the sentencing factors in 18 U.S.C. § 3553(a), the statutes of conviction, and the Sentencing Guidelines calculation contained herein, that a term of imprisonment of 420 months (35 years) is appropriate. The parties also agree that a lifetime term of supervision is appropriate. Both parties understand that by accepting the plea agreement, the Court agrees to impose a sentence at the parties' recommended term of imprisonment of 420 months. If the Court declines to accept this plea agreement and the stipulation for the agreed-upon sentence, either party may withdraw from the agreement.

11. **Special Assessment.** The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the defendant is convicted, pursuant to Guideline § 5E1.3. The defendant agrees to pay the special assessment prior to sentencing.

12. **Restitution Agreement.** Pursuant to 18 U.S.C. § 3663(a)(3), the Defendant agrees to pay restitution to any individual whose child pornography image

8

or video he possessed, distributed, received, trafficked, or produced, as determined in the course of the investigation or by NCMEC even if not specifically identified in Count Two of the Indictment. The parties agree that the amount of restitution owed under this paragraph will be determined using 18 U.S.C. § 2259 to reflect the full amount of victim losses. The Defendant understands that the restitution amount for individual victims covered under § 2259(b)(2) shall be no less than $3,000 per individual.

13. **Disclosure of Assets.** The defendant will fully and completely disclose to the United States Attorney's Office the existence and location of any assets in which the defendant has any right, title, or interest, or over which the defendant exercises control, directly or indirectly, including those assets held by a spouse, nominee or other third party, or any business owned or controlled by the defendant. The defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of restitution fines, and forfeiture ordered by the Court. The defendant agrees to complete a financial statement within two weeks of the entry of his guilty plea. The defendant further agrees to execute any releases that may be necessary for the United States to obtain information concerning the defendant's assets and expressly authorizes the United States to obtain a credit report on the defendant to evaluate his ability to satisfy financial obligations imposed by the Court. If requested by the United States, the defendant agrees to submit to one or more asset interviews or depositions under oath.

14. **Forfeiture.** Defendant agrees to forfeit to the United States, pursuant to 18 U.S.C. § 2253(a):

   a. any visual depiction described in 18 U.S.C. §§ 2251, 2251A, 2252, 2252A, 2252B, or 2260, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110;

   b. any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

   c. any property, real or personal, used or intended to be used to commit or to promote the commission of such offense.

Specifically, the parties agree that Defendant shall forfeit the following to the United States, including the AT&T, model U304AA cell phone, MEID: 863382041419274. Defendant agrees that this property is subject to forfeiture because the items were used to commit the violations charged in the Indictment. The United States reserves the right to seek the forfeiture of additional property. Defendant agrees that the United States may, at its option, forfeit such property through civil, criminal or administrative proceedings, waives any deadline or statute of limitations for the initiation of any such proceedings, and abandons any interest he may have in the property.

15. **Waivers of Appeal and Collateral Attack.** The defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes, but is not limited to, the defendant's waiver of the right to appeal guilt or innocence, sentence and restitution, and the constitutionality of the statutes to which the defendant is pleading guilty. The parties agree, however, that excluded from this

waiver is an appeal by defendant of the substantive reasonableness of a term of imprisonment above 420 months' imprisonment. The defendant also waives the right to petition under 28 U.S.C. § 2255, except based upon a claim of ineffective assistance of counsel.

The defendant has discussed these rights with the defendant's attorney. The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily. The United States hereby waives all rights to appeal the sentence unless it is less than 420 months' imprisonment.

16. **FOIA Requests.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

17. **Sex Offender Registration**. The Defendant understands that by pleading guilty, the Defendant will likely be required to register as a sex offender upon his release from prison as a condition of his supervised release pursuant to 18 U.S.C. § 3583(d). The Defendant also understands that independent of supervised release, he may be subject to federal and state sex offender registration requirements and that those requirements may apply throughout his life.

18. **Complete Agreement.** The defendant acknowledges that he has read this plea agreement and has carefully reviewed each provision with his attorney. The defendant further acknowledges that he understands and voluntarily accepts every term and condition of this plea agreement. This plea agreement, along with any

agreement signed by the parties before entry of the plea, is the entire agreement and understanding between the United States and the defendant.

ANDREW M. LUGER
United States Attorney

Date: June 17, 2022

BY: *Lindsey E. Middlecamp*
Lindsey E. Middlecamp
Assistant United States Attorney

Date: June 17, 2022

Jay Tyrell Whiteford
Defendant

Date: June 17, 2022

Peter Wold
Counsel for Defendant